## Batcheler et ux. v. Jenkins et al.

*John G. Love,* and *M. W. Gettig,* for petitioners.
*Kelley & Johnston,* for respondents.

FLEMING, P. J., April 12, 1934.—This is before us upon defendants' rule to strike the above judgment from the record. The judgment was entered upon two judgment exemption notes, dated August 19, 1931, one at 30 days in the sum of $320, and the other at 6 months in the sum of $500, executed and delivered by the defendants to the plaintiffs. The form of note used is that commonly used by banks. Following the customary promissory part was contained the warrant of attorney in the following words:

"If not paid at maturity we hereby empower any attorney of any court of record, within the United States, to appear for us and, with or without declaration filed, confess judgment against us as of any term for the above sum with costs of suit and attorney's commission of 5 percent, for collection . . ."

The usual waivers followed this warrant. To the left of the concluding words, viz, "Witness our hand and seal", was inserted, in typewriting, the words "with interest".

The judgment was entered in the sum of $875.50, with an attorney's commission amounting to $43.78, which is 5 percent of such principal sum. The sum

of $875.50 is calculated by computing interest upon $820, the total of the principal sum of the two notes, from the date of the notes to the date of the entry of the judgment, viz., January 31, 1933, and adding such interest to the total principal sum as stated.

The defendants base their contention upon the theory that plaintiffs exceeded the powers conferred by the warrant of attorney in including the computed interest with the principal sum in entering the judgment, or in other words, that the judgment should have been entered for $820, the total of the principal sums of the notes without interest. It is argued that the warrant of attorney authorizes confession "for the above sum", which in one case is $320 and in the other is $500, and no more.

This question does not appear to have been raised in Pennsylvania prior to this time.

It is not to be denied that, had plaintiffs brought an adverse action against the defendants upon the notes in question, the jury, in finding for the plaintiff in the absence of proof of payment or other adequate defense, would have been required, under the terms of the notes, to include interest from the dates thereof to the date of the verdict.

It is to be borne in mind that the words "with interest" were properly added before signature, and that the writings were intended to evidence the promise of the defendants to pay not merely the principal sums at maturity but the principal sums with interest from the date of the instruments. We are of the opinion that the words "with interest" must be read in conjunction with the warrant of attorney, making such warrant read:

"If not paid at maturity we hereby empower any attorney of any court of record, within the United States, to appear for us, and with or without declaration filed, confess judgment against us as of any term for the above sum with costs of suit and attorney's commission of 5 percent for collection . . . with interest".

That which we have omitted, as indicated by the dotted lines, pertains solely to the matter of waivers. "With interest" cannot be associated with waivers in any manner. It is, however, directly related with payment and directly concerns the warrant to confess judgment. We might with equal force read the words "with interest" as following the words "for the above sum" as it is beyond question that interest is to be computed upon principal only, and not upon the total of such principal, costs, and attorney's commission.

This conclusion is further substantiated by a consideration of the purposes for which such warrants of attorney are included in notes of this kind. The notes were evidences of indebtedness. The makers agreed to pay the sums named with interest at a definite date. The warrant to confess judgment was included to the end that if such sums, with interest, were "not paid at maturity", judgment might then be entered, but not before, without the expense and delay of an adverse suit. To hold that the holders of the notes should be limited to an entry of judgment for the principal sum, and then be required to recover stipulated interest by an adverse suit, is beyond reason.

Interpreting the notes in question within the four corners thereof brings us to the conclusion that the warrants of attorney authorized the entry of judgment for the principal sums with interest, as has been done. The attorney's commission is properly computed upon such gross sum.

And now, April 12, 1934, the rule to strike judgment from the record is discharged at the cost of the defendants.